IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY MILLS, on behalf of himself and all similarly situated individuals, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ZAYO GROUP, LLC, and ABOVENET COMMUNICATIONS, INC. | )<br>)<br>) |
| Defendants. | )<br>) |

Civil Action No.

_____

JURY TRIAL DEMANDED

COLLECTIVE CERTIFICATION SOUGHT

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Gregory Mills (hereinafter "Plaintiff") on behalf of himself and all similarly situated individuals, and files this lawsuit against Defendants Zayo Group, LLC, and AboveNet Communications, Inc., (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as

the representative party for all similarly situated employees of Zayo Group, LLC, and AboveNet Communications, Inc.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff and all similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's and all similarly situated individuals' employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331, because this action is brought under the FLSA, 29 U.S.C. § 201 *et seq*.

4.

Defendant Zayo Group, LLC is a Delaware corporation, having its principal office at 400 Century Parkway, Suite 200, Louisville, Colorado, 80027.  However, Defendant Zayo Group, LLC continuously and systematically transacts business in the Northern District of Georgia, including providing bandwith infrastructure

services for hundreds of projects in the city of Atlanta alone.  Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391; 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

5.

Defendant AboveNet Communications, Inc., is a Delaware corporation, having its principal office at 360 Hamilton Avenue, 7th Floor, White Plains, New York, 10601.  However, Defendant AboveNet Communications, Inc. continuously and systematically transacts business in the Northern District of Georgia, including providing bandwith infrastructure services for hundreds of projects in the city of Atlanta alone.  Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391; 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

6.

Plaintiff is a resident of the state of Georgia.

7.

Plaintiff worked for Defendant AboveNet Communications, Inc. from September 11, 2006 through June 30, 2012 as a Project Manager and Senior Project Manager.

8.

Defendant Zayo Group, LLC, acquired AboveNet Communications, Inc. on or about July 1, 2012.

9.

Plaintiff worked for Defendant Zayo Group, LLC from July 1, 2012 to July 2, 2012 as a Senior Project Manager.

10.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

11.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

12.

Defendants employed the named Plaintiff during the relevant time period.

13.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

14.

Defendant Zayo Group, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

Defendant AboveNet Communications, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Defendant Zayo Group, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendant AboveNet Communications, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendant Zayo Group, LLC is governed by and subject to FLSA §7, 29 U.S.C. §207.

19.

Defendant AboveNet Communications, Inc. is governed by and subject to FLSA §7, 29 U.S.C. §207.

## IV. Collective Action Allegations

### 20.

Plaintiff brings this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals are individuals who currently or have been employed by Defendants during the last three years as "Project Managers" and/or "Senior Project Managers" (hereinafter the "Collective Class").

### 21.

A "Senior Project Manager" and a "Project Manager" have identical job responsibilities, and the designation "Senior" is awarded to Project Managers who have demonstrated a high level of efficiency in carrying out their implementation duties.

### 22.

During the relevant time period, Plaintiff and the Collective Class' primary job duties consisted of implementation of the Defendants' work orders (i.e. scheduling vendors to complete work according to specifications detailed in executed sales contracts provided to Project Managers and Senior Project Managers).

23.

Plaintiff and the Collective Class were responsible for coordinating the activities required to turn up the circuit for Defendants' customers.

24.

Plaintiff and the Collective Class scheduled service subcontractors from the Defendants' approved vendor list and according to time parameters set forth in Defendants' sales contracts.

25.

Plaintiff and the Collective Class performed production work for the Defendants.

26.

Plaintiff and the Collective Class's primary duties did not consist of work directly related to management policies or the general operations of the Defendants' businesses.

27.

Plaintiff and the Collective Class's primary duties did not consist of creating policies or procedures for the Defendants.

28.

Plaintiff and the Collective Class' primary duties did not consist of work that required the exercise of discretion and independent judgment with respect to matters of significance.

29.

Plaintiff and the Collective Class had no independent authority to deviate from the contract specifications, approve vendors or deviate from assigned budgets.

30.

Plaintiff and the Collective Class had no authority to sign contracts on behalf of the Defendants or bind the Defendants.

31.

Plaintiff and the Collective Class' primary duties did not involve advanced, specialized scientific or other advanced, specialized knowledge or training.

32.

Plaintiff and the Collective Class did not supervise two (2) or more employees.

33.

Plaintiff and the Collective Class did not have hiring and firing authority over other employees.

34.

Plaintiff and the Collective Class did not engage in the theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming and software engineering.

35.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for all overtime hours worked while performing the duties of a Project Manager and/or Senior Project Manager.

36.

During their employment with the Defendants, Plaintiff and the Collective Class were not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff and the Collective Class worked over forty (40) hours in a workweek.

37.

Defendants were aware that the Plaintiff and the Collective Class were working more than forty (40) hours in a workweek during the relevant time period.

38.

During the relevant time period, Plaintiff and the Collective Class weekly reported actual hours worked to management via a timekeeping system called Ceridian.

## V.  Violation of the Overtime Wage Requirement
## of the Fair Labor Standards Act.

39.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

40.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

41.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and

one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

42.

Defendants suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per workweek without overtime compensation.

43.

Defendants' actions, policies and/or practices described herein violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

44.

Defendants knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

45.

As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Collective Class have suffered a loss of income and other damages.

46.

Plaintiff and the Collective Class are entitled to recover the overtime wage

differential, liquidated damages in an equal amount, attorneys' fees, and the costs incurred in connection with this litigation.

## VI.   <u>Collective Action Certification</u>

### 47.

The Plaintiff and the Collective Class are similarly situated in that they each performed the same nonexempt duties, were not paid overtime for their work over 40 hours in a workweek and were wrongly classified as exempt from the overtime requirements of the FLSA.

## VII. <u>Prayer for Relief</u>

### 48.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees as provided under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)     Grant conditional certification and provide notice of this action to all

similarly situated individuals as soon as possible;

(E)     Grant leave to add state law claims if necessary; and

(F)     Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted the 22nd day of August, 2012.

**BARRETT & FARAHANY, LLP**


<u>s/ Benjamin A. Stark</u>
Benjamin A. Stark
Georgia Bar No. 601867
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
Attorneys for Gregory Mills

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile