UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GREGORY MILLS, on behalf of himself and all similarly situated individuals,<br><br>      Plaintiff,<br><br>v.<br><br>ABOVENET COMMUNICATIONS, INC.,<br><br>      Defendant. | )<br>)<br>)  Civil Action No. 1:12-CV-02914-AT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement and release ("Agreement") is voluntarily made and entered into by and between (1) Gregory Mills ("plaintiff" or "Mills") his agents, attorneys, assigns, heirs, beneficiaries, executors, administrators, legal representatives, family members, and/or any other persons or entities with a direct interest in the lawsuit entitled *Mills v. AboveNet Communications, Inc.*, Case No. 1:12-CV-02914-AT (the "Litigation") and (2) AboveNet Communications, Inc., now known as Zayo Group, LLC, and all of its current and former parents, subsidiaries, affiliates, predecessors, insurers, agents, partners, employees, successors, assigns, officers, officials, directors, shareholders, attorneys, benefit plans, administrators, and trustees (hereinafter "AboveNet" or "defendant"). The Agreement resolves all claims asserted against AboveNet in the Litigation, as set forth below.

1.    Pending Litigation: Mills is the sole named plaintiff in *Mills v. AboveNet Communications, Inc.*, Case No. 1:12-CV-02914, filed in the U.S. District Court for the Northern District of Georgia (the "Litigation"). The parties desire fully and finally to resolve the claims brought by Mills in the Litigation and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Mills against defendant. Mills represents that no other charges, actions or claims are pending on his behalf against defendant, other than those set forth in this paragraph.

2.    Payment to Employee: In consideration for entering into this Agreement, including the release set forth below, defendant agrees to pay Mills and his counsel a total amount of $42,500, within ten business days after Mills provides defendant with a signed copy of this agreement and with two (2) Forms W-9 signed by Mills and by Barrett & Farahany, LLP, respectively, as follows:

      a. A check in the amount of $12,504.74 (less applicable withholdings) made payable to "Gregory Mills," for which defendant will issue Mills a W-2 form;

1

      b. A check in the amount of $12,504.74 made payable to "Gregory Mills," for which defendant will issue Mills a Form 1099; and

      c. A check in the amount of $17,490.52 made payable to "Barrett & Farahany LLP," constituting payment for Mills' attorneys' fees and expenses, for which defendant will issue a Form 1099 to Barrett & Farahany LLP and Mills.

    3. Mills agrees that the payments described in paragraph 2 constitute full and sufficient consideration for the signing of this Agreement and the promises made in this Agreement, and is inclusive of all claims for attorneys' fees, costs and expenses, and any other fees and expenses to which he or his attorneys may be entitled from defendant, including any fees, costs, expenses incurred by Mills or his attorneys in connection with the Litigation following the date of this Agreement.

    4. <u>Payment of Applicable Taxes</u>: AboveNet shall withhold legally required payroll taxes from the payments referenced in paragraph 2 of this Agreement. Mills is and shall be solely responsible for all additional federal, state, and local taxes that may be owed by him by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Mills agrees to indemnify and hold defendant harmless for any tax obligations that defendants may incur arising out of any failure by Mills to properly report and pay taxes on the payments made pursuant to paragraph 2 of this Agreement.

    5. <u>No Admission of Liability</u>: This Agreement does not constitute an admission by defendant of any violation of any law, statute, or common-law doctrine, and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

    6. <u>Settlement and Release</u>: In exchange for the payment provided in paragraph 2 of this Agreement, Mills, on behalf of himself and his descendents, dependents, heirs, executors, administrators, assigns, and successors fully, finally, and forever waives and releases any and all claims that he has or might have, whether known or unknown, against defendant and its related and affiliated entities, and each of their respective parents, subsidiaries, officers, shareholders, directors, trustees, employees, attorneys, agents, benefit plan administrators, successors and assigns arising out of his employment with AboveNet and Zayo Group LLC and/or the termination of that employment, as of the effective date of this Agreement. The claims Mills is waiving and releasing include, but are not limited to, all claims for compensation and benefits of any kind and any other claims for damages or remedies, including, but not limited to, compensatory, liquidated and punitive damages, and attorneys' fees and costs, arising under federal, state or local statutory or common law, including but not limited to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., and the laws of contract, tort, and equity. Nothing herein waives any rights Mills may have to any vested benefits pursuant to ERISA, or rights or claims that may arise after the effective date of this Agreement.

7. <u>Dismissal of Claims and Execution of Documents</u>:  This Agreement is contingent upon Court Approval and entry of judgment.  The parties agree to take all steps as may be reasonably necessary to secure approval of the Agreement, and to attempt to seal the contents of this Agreement and/or to prevent the Agreement from becoming public record, to the extent not inconsistent with the terms of the Agreement, and shall not take any action adverse to each other in obtaining Court approval.  Mills understands and agrees that this Agreement, including defendant's obligation to make payments to Mills pursuant to paragraph 2, is contingent upon the Court's approval of this Agreement and these dismissals.

8. <u>No Contribution to Employee Benefit Plans</u>:  Mills acknowledges and agrees that amounts paid under the Agreement do not represent a modification of any previously credited time of service under any employee benefit plan, policy or bonus program sponsored by AboveNet.  Such amounts shall not form the basis for additional contributions to, benefits under, or any other monetary entitlement under, AboveNet-sponsored (self-insured or not) benefit plans, policies, or bonus programs.  Any payments made under the terms of the Agreement shall not be applied retroactively, currently, or on a going forward basis as salary, earnings, wages, or any other form of compensation for the purposes of any AboveNet benefit plan, policy, or bonus program.  AboveNet retains the right, but is not required, to modify the language of its benefit plans, policies, and bonus programs to effect the intent and to make clear that any amounts paid pursuant to the Agreement are not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies, and bonus programs for purposes of eligibility, vesting, benefit accrual or any other purpose, and that additional contributions or benefits are not required by the Agreement.

9. <u>Acknowledgments and Advisories</u>:  Mills acknowledges that he has been provided with the opportunity to consider whether to enter into this Agreement and further acknowledges that he has retained and has been consulting with an attorney in connection with the Litigation and this Agreement, that he has read and understands the contents of this Agreement, that no representations other than those contained herein have been made to induce or influence the execution of the Agreement, and that the Agreement is entered into knowingly and voluntarily.

10. <u>No Reliance</u>:  Mills acknowledges and agrees that he may later discover facts different from or in addition to those he now knows or believes to be true in entering into this Agreement.  Mills agrees to assume the risk of the possible discovery of additional or different facts, and agrees that this Agreement shall remain effective regardless of such additional or different facts.  Mills further acknowledges and agrees that defendant has no duty to disclose any fact to Mills prior to the execution of this Agreement.

11. <u>Limitations on Publicity and Solicitation</u>: Mills acknowledges and agrees that he, his agents or representatives shall not publicize on the internet, in print media, or in any other public forum, this settlement or its terms, except by joint pleadings filed with the Court.  Mills further acknowledges and agrees that he, his agents or representatives shall not use the existence of this Agreement or its terms to solicit or encourage current and/or former Company employees to file a civil action against the Company.  Nothing in this paragraph prevents Mills, his agents or representatives from affirmatively disclosing the terms of the Agreement to his attorneys, tax advisors, and immediate family members, or from disclosing the existence of the Agreement upon request to interested third parties.

12. <u>Enforcement of this Agreement</u>:  Either party may enforce this Agreement in U.S. District Court for the Northern District of Georgia.  If the enforcing party proves that the other party has breached this Agreement, then the breaching party shall be required to pay the enforcing party any attorney's fees and costs incurred by the enforcing party in enforcing this Agreement, in addition to any other damages to which the enforcing party may be entitled.

13. <u>Protection of Proprietary Information</u>:  Mills acknowledges that, in the course of his employment with AboveNet, he may have received and had knowledge of confidential and proprietary information concerning AboveNet and its business, including but not limited to confidential information regarding AboveNet's practices, procedures, trade secrets, clients and marketing.  Mills promises to keep such information confidential and further promises not to use it or disclose it to any third party except where disclosure is required by law, court order, or subpoena.  This paragraph reaffirms Mills' preexisting obligations under previous agreements with AboveNet and with Zayo Group, LLC, including but not limited to the Confidential Information and Intellectual Property Agreement.  It does not create any new obligations beyond those Mills has already accepted in previous agreements with AboveNet and Zayo.

14. <u>No Interference With Right to File Charge or Cooperate in Investigation</u>:  Nothing in this Settlement Agreement shall interfere with Mills's right to file a charge with or to cooperate or participate in an investigation or administrative proceeding conducted by any federal, state, or local regulatory or law enforcement agency to the extent such rights are protected by law.  However, the consideration provided to Mills in this Agreement will be the sole relief provided to Mills for the claims released herein, and Mills will not be entitled to recover and agrees to waive any monetary benefits or recovery against AboveNet in connection with any such claim, charge, or proceeding, without regard to who has brought such complaint or charge.

15. <u>Employment With AboveNet and Zayo Group LLC</u>:  Mills acknowledges that he does not possess any rights or claims to employment or future employment with Abovenet and Zayo Group LLC, or their parents, successors, predecessors, affiliates, or subsidiaries (collectively "the Company") and that he will not apply for, seek, or attempt to gain employment at any time with the Company.

16. <u>Mutual Non-disparagement</u>.  Mills agrees to refrain from any conduct or statements that are derogatory about or detrimental to the Company or any of its officers or employees. AboveNet agrees to provide only the following information in response to reference requests from prospective employers: (1) Mills's dates of employment with AboveNet and Zayo; (2) Mills's last job title with Zayo; and (3) Mills's final rate of pay with Zayo, through Zayo's outsourced provider ADP TotalSource.  Mills will instruct any prospective employer seeking a reference for him to contact ADP TotalSource at 1-800-554-1802 and to provide ADP TotalSource with his name and the last four (4) digits of his Social Security number.

17. <u>Severability</u>:  In the event that one or more of the provisions, or portions thereof, of this Agreement are determined to be unlawful or unenforceable, the remainder of this Agreement will not be affected and each remaining provision or portion thereof will continue to be valid and effective and will be enforceable to the fullest extent permitted by law.  If any

portion of this Agreement is found invalid, the parties agree to enter into a full and general Settlement Agreement and Release that is not invalid.

18. <u>Entire Agreement</u>: This Agreement sets forth the entire agreement and understanding of the waiver and release of claims regarding Mills's employment with AboveNet and Zayo Group, LLC. This Agreement supersedes all prior discussions, negotiations, and agreements with respect to the waiver and release of claims regarding Mills's employment with AboveNet or Zayo Group, LLC.

19. <u>Consideration and Revocation Periods</u>: Mills acknowledges and agrees that he has been given twenty-one (21) days to review and consider this Agreement, and that if he has signed this Agreement before the expiration of the 21-day consideration period, he has expressly and voluntarily waived the balance of that period. Mills further acknowledges that he may revoke this Agreement within seven (7) calendar days after signing it. Notice of revocation, if any, shall be delivered in writing to Christopher P. Yost, General Counsel, Zayo Group, LLC, at 400 Centennial Pkwy., Suite 200, Louisville, CO 80027, on or before the expiration of the seven (7) day revocation period following Mills's execution of the Agreement. Mills understands that if he revokes this Agreement during this seven-day revocation period, this Agreement becomes null and void in its entirety.

20. <u>Interpretation of the Agreement</u>: The Agreement shall be interpreted and enforced under the laws of the state of Georgia without regard to its conflict of laws provisions. Any claim arising out of or relating to the Agreement, or the subject matter hereof, shall be resolved solely and exclusively by the U.S. District Court for the Northern District of Georgia, and the parties hereby consent to the personal jurisdiction of the U.S. District Court for the Northern District of Georgia over them solely in connection herewith

21. <u>Multiple Counterparts</u>: This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute together one instrument, and will be effective upon execution of all parties. Photographic and facsimiled copies of such signed counterparts may be used in lieu of the originals for any purpose.

\*\*\*\*\*
<065>

By signing below, I acknowledge that I have had the opportunity to review this Settlement Agreement with an attorney of my choice, that I have read this Agreement and understand its terms, and that I voluntarily agree to them.

AGREED TO BY GREGORY MILLS

Dated: __4/16/2013__, 2013    _____/s/ Gregory Mills_____
                                Gregory Mills

AGREED TO BY ABOVENET COMMUNICATIONS, INC.

Dated: __April 16__, 2013    By: _____/s/ Christopher P. Yost_____
                                  05CA06D622AE4D2...
                                  Christopher Yost